UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EDDIE NEFF, | : | Case No. 3:20-cv-289 |
| Plaintiff, | : | |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by consent of the parties) |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

## DECISION AND ENTRY

This social security case is presently before the Court on Plaintiff's Brief on Issue of *Lucia* (Doc. #17), the Commissioner's Motion to Remand (Doc. #18), and Plaintiff's Response to Commissioner's Motion to Remand (Doc. #19).  Previously, the Court had requested briefing in light of the Supreme Court's recent decision in *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018).  In *Lucia*, the Supreme Court determined that the Administrative Law Judges ("ALJs") of the Securities and Exchange Commission ("SEC") qualified as "Officers of the United States," therefore being subject to the Appointments Clause of the Constitution. *Id*. at 2053-55.  As the SEC ALJs were appointed by a staff member and not the President, a Court of Law, or a Head of the Department, the Court held their appointment to be unconstitutional.  *Id*.  The Supreme Court also found that the "appropriate" remedy for an adjudication tainted with such a violation is a "new hearing before a properly appointed official."  *Id*. at 2055.  (quoting *Ryder v. U.S.,* 115 S.Ct. 2031, 2033 (1995)) (internal quotation marks omitted).

Given the analogous means of appointing Social Security Administration ("SSA") ALJs, the Supreme Court recently applied *Lucia's* holding to SSA ALJs in *Carr v. Saul*, 141 S. Ct. 1352,

1356 (2021). In so holding, the Supreme Court also found that administrative issue exhaustion of Appointments Clause challenges is not required in social security claims. *Id*. As a result, plaintiffs need not challenge the constitutionality of an SSA ALJ's appointment while the case is at the administrative level but may raise it for the first time while the case is pending before the federal courts. *Id*.

In response to this Court's Order for briefing on the matter, both the Commissioner and Plaintiff agree that a remand pursuant to *Lucia* is appropriate. (Doc. #s 17, 18, 19). In this case, Plaintiff's hearing was held on March 12, 2018 before ALJ Deborah F. Sanders. (Doc. #9-2, *PageID* #66). Like the ALJ in *Lucia*, ALJ Sanders was not appointed by the President, a court of law, or a head of department at the time of Plaintiff's hearing and, therefore, was not a properly appointed official. *See Lucia*, 138 S.Ct. at 2053; Soc. Sec. R. 19-1p, 2019 WL 1324866 (Soc. Sec. Admin. March 15, 2019). As a result, Plaintiff's current appointments challenge represents a constitutional defect that warrants the remedy prescribed by the Supreme Court: remand for a new hearing before a new, constitutionally appointed ALJ.

Notwithstanding the foregoing, the undersigned stresses the intended goals of *Lucia's* remedy—to support the structural purposes of the Appointments Clause and "to create '[]incentive[s] to raise Appointments Clause challenges.'" *Lucia*, 138 S. Ct. at fn.5 (quoting *Ryder*, 115 S.Ct. at 2033). That is, in specifying that the claim should be remanded to a different ALJ, the Supreme Court explained that "the old judge would have no reason to think he did anything wrong on the merits … and so could be expected to reach all the same judgments." *Id*. Thus, in light of these principles, on remand, the new ALJ should be sure to render her *de novo* decision completely independent of any previous finding by ALJ Sanders.

Based on the foregoing, the Commissioner's Motion to Remand (Doc. #19) is **GRANTED**.

## IT IS THEREFORE ORDERED THAT:

1. The Commissioner's non-disability finding is vacated;

2. No finding is made as to whether Plaintiff Eddie Neff was under a "disability" within the meaning of the Social Security Act;

3. This matter is **REMANDED** to the Social Security Administration, pursuant to sentence four of 42 U.S.C. § 405(g) and *Carr v. Saul*, 141 S.Ct. 1352 (2021), for further consideration consistent with this Decision and Entry; and

4. The case is terminated on the docket of this Court.

**IT IS SO ORDERED.**


December 29, 2021                                                *s/Peter B. Silvain, Jr.*
                                                                 Peter B. Silvain, Jr.
                                                                 United States Magistrate Judge